**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M&I Marshall & Ilsley Bank, a Wisconsin banking corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Glen J. Lerner, an individual,<br><br>    Defendant. | No. CV-10-1081-PHX-DGC<br><br>**ORDER** |

M&I Marshall & Ilsley Bank ("M&I") loaned Glen Lerner more than $2 million to finance his purchase of real property located in Scottsdale, Arizona. The property has been sold through a short-sale transaction. M&I claims that there was no agreement to forgive the balance due under the loan, and that the deficiency owed by Lerner is more than $1 million.

On May 3, 2010, Lerner filed suit in state court against M&I and several other defendants involved in his purchase of the Scottsdale property. *Lerner v. M&I Marshall & Ilsley Bank*, No. CV2010-014467 (Ariz. Super. Ct. May 3, 2010). Lerner's amended complaint in the state action asserts fraud and civil conspiracy claims. M&I has moved in state court to dismiss the claims.

M&I commenced this action against Lerner on May 18, 2010. The complaint asserts a claim for breach of the promissory note. Doc. 1. The Court's subject matter jurisdiction is based on diversity of citizenship and the more than $1 million sought by M&I. *See id.*; 28 U.S.C. 1332.

Lerner has filed a motion to dismiss or stay the action. Doc. 11. The motion is fully

briefed. Docs. 12, 13. Oral argument has not been requested. For reasons stated below, the Court will deny the motion.

Lerner seeks dismissal pursuant to the *Colorado River* doctrine. Doc. 11 at 1. That doctrine suggests deference to state court jurisdiction based on considerations of wise judicial administration, including conservation of judicial resources and comprehensive disposition of litigation. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Where *Colorado River* deference is found to be appropriate, the district court "must stay rather than dismiss an action so that the federal forum remains open if the state forum proves inadequate." *Fru-Con Constr. Corp. v. Sacramento Municipal Util. Dist.*, No. CIV. S-05-583 LKK/GGH, 2009 WL 3049050, at *1 (E.D. Cal. Sept. 18, 2009); *see Coopers & Lybrand v. Sun-Diamond Growers of Cal.*, 912 F.2d 1135, 1137 (9th Cir. 1990); *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241 (9th Cir. 1988). The Court therefore will deny Lerner's motion to the extent he seeks dismissal. *See Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. C 04-1249 VRW, 2005 WL 1513130, at *23 (N.D. Cal. June 22, 2005).

The Court will also deny the request for a stay. The general rule is that "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]'" *Colorado River*, 424 U.S. at 817 (citation omitted). This rule stems from the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Id.* Under *Colorado River*, therefore, a district court having jurisdiction may defer to state court jurisdiction "only in 'exceptional' circumstances, and such circumstances are 'exceedingly rare.'" *Wojtunik v. Kealy*, No. CV 03-2161-PHX-PGR, 2009 WL 805816, at *3 (D. Ariz. Mar. 26, 2009) (quoting *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005)); *see AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1155 (9th Cir. 2007) (Ferguson, J., concurring).

It is a serious abuse of discretion to grant a stay under *Colorado River* where there is "any substantial doubt" as to whether "the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983); *see Intel Corp. v.*

*Advanced Micro Devices, Inc.*, 12 F.3d 908, 912-13 & n.7 (9th Cir. 1993). The Court cannot, on the present record, be confident that the state action will adequately address and resolve the issues raised in this federal action. M&I does not assert its claim for breach of promissory note in the state action (Doc. 12 at 3), nor may Lerner seek rescission of the note given that the underlying security – the Scottsdale property – has been sold (Doc. 13 at 2).

Lerner asserts that he brought his state claims to avoid the very contract liability at issue here, and that an award of damages in the state action would nullify M&I's right to the deficiency sought in this case. Doc. 13 at 2. But Lerner does not account for the possibility that he may not succeed on his state claims. If M&I were to prevail in state court, by way of its motion to dismiss or otherwise, it would still need to proceed with this action to obtain the deficiency it seeks under the promissory note.

Moreover, "'the possibility that the state court proceeding *might* adequately protect the interests of the parties is not enough to justify the [Court's] deference to the state action.'" *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990) (emphasis added) (citation omitted). This factor is important only "'when it weighs in favor of federal jurisdiction.'" *Id.*

The Court's task "is not to find some substantial reason for the *exercise* of federal jurisdiction[.]" *Moses H. Cone*, 460 U.S. at 25 (emphasis in original) Instead, the Court must determine "whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Id.* at 25-26. Because "a stay is as much a refusal to exercise federal jurisdiction as a dismissal," *id.* at 28, and because the Court does not have "full confidence" that the state action will affirmatively and finally end the litigation, *Gulfstream Aerospace Corp. Mayacamas Corp.*, 485 U.S. 271, 277 (1988), the Court will deny the stay request. *See Holder v. Holder*, 305 F.3d 854, 868-70 (9th Cir. 2002); *Intel Corp.*, 12 F.3d at 912-13; *Wojtunik*, 2009 WL 805816, at *3.

**IT IS ORDERED:**

1. Defendant Glen Lerner's motion to dismiss or stay (Doc. 11) is **denied**.
2. The Court will set a case management conference by separate order.

DATED this 9th day of August, 2010.

_____
David G. Campbell
United States District Judge