**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M&I Marshall & Ilsley Bank, a Wisconsin banking corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>Glen J. Lerner, an individual,<br><br>            Defendant.<br>_____<br>Glen J. Lerner, an individual,<br><br>            Counterclaimant,<br><br>vs.<br><br>M&I Marshall & Ilsley Bank, a Wisconsin banking corporation; Mark Norris and Cheryl A. Norris, a married couple; Norris Property Consultants Inc., an Arizona corporation; and DMB Realty LLC, a Delaware limited liability company,<br><br>            Counterdefendants.<br>_____ | No. CV-10-1081-PHX-DGC<br><br>**ORDER** |

In April 2006, Glen Lerner purchased real property in Scottsdale for $2,650,000. The seller was represented by a real estate agent with DMB Realty LLC ("DMB"). The property was appraised by Mark Norris and Norris Property Consultants, Inc. (collectively, "Norris"). M&I Marshall & Ilsley Bank ("M&I") loaned Lerner more than $2 million to finance his purchase of the property. The property has been sold through a short-sale transaction.

Claiming that there was no agreement to forgive the balance due under the loan, and that the deficiency owed is more than $1 million, M&I has brought a claim against Lerner for breach of the promissory note. Doc. 1. Lerner has filed a counterclaim asserting several fraud-based claims against M&I, Norris, and DMB: fraud against DMB (count one), fraud against M&I and Norris (count two), consumer fraud in violation of A.R.S. § 44-1521 (count three), civil conspiracy (count four), and pattern of unlawful activity in violation of A.R.S. § 13-2314.04 (count five). Doc. 16.

M&I and DMB have filed motions to dismiss pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Docs. 23, 24. Norris has filed a motion to dismiss under Rule 12(b)(1), and alternatively has joined the motion filed by M&I. Doc. 25. The motions are fully briefed. For reasons that follow, the Court will deny the Rule 12(b)(1) motion and dismiss the counterclaim under Rules 12(b)(6) and 9(b).[1]

**I.     The Rule 12(b)(1) Motion.**

M&I filed suit in this Court based on diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1 ¶ 3. Lerner brings his counterclaim pursuant to the supplemental jurisdiction provided by 28 U.S.C. § 1367(a). Doc. 16 ¶ 7. The counterclaim must be dismissed for lack of subject matter jurisdiction, Norris contends, because his joinder to this action destroys complete diversity. Doc. 25 at 2-3. The Court does not agree.

"Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005). Because M&I is diverse from Lerner and the amount in controversy exceeds $75,000, the Court has original jurisdiction under 28 U.S.C. § 1332. The counterclaim forms part of the same case or controversy as the originally filed claim for breach of the promissory note as the counterclaim alleges, among other things, that Lerner and M&I entered into a

---

[1] The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

- 2 -

1  promissory note for $2,252,500 (Doc. 16 ¶ 12), that M&I represented to Lerner that it would
2  obtain an appraisal for the Scottsdale property and later hired Norris to perform that appraisal
3  (*id.* ¶¶ 13-14), that M&I directed Norris to prepare an appraisal overvaluing the property at
4  $2,650,000 (*id.* ¶ 15), and that this "fraudulent-appraisal scheme" generated substantial sums
5  of money for the counterdefendants, including "a higher return of interest for M&I on
6  grossly-inflated principle balances" (*id.* ¶ 20).  The Court therefore may exercise
7  supplemental jurisdiction over the counterclaim under § 1367(a). *See Am. Family Ins. Group*
8  *v. Bergeson*, No. CV-09-0360-PHX-DGC, 2009 WL 1010050, at *1 (D. Ariz. Apr. 14,
9  2009); *see also Mattel, Inc. v. Bryant*, 446 F.3d 1011, 1014 (9th Cir. 2006) (affirming
10 jurisdiction under §§ 1332 and 1367 over non-diverse intervenor defendant).

11    Norris asserts that § 1367(b) prevents a supplemental claim from being brought
12 against a new, non-diverse party. Doc. 25 at 3. But the exception listed in § 1367(b)
13 "'reflects Congress' intent to prevent *original* plaintiffs from circumventing the requirements
14 of diversity.'" *Aurora Loan Servs., Inc. v. Craddieth*, 442 F.3d 1018, 1025 (7th Cir. 2006)
15 (citation omitted). That exception does not apply to this case because M&I, the plaintiff,
16 asserts no claim against Norris. *See Am. Family*, 2009 WL 1010050 at 1 n.2; *Global NAPs,*
17 *Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 n.20 (1st Cir. 2010) ("Subsection (b)
18 [of § 1367] restricts supplemental jurisdiction in diversity cases over some kinds of claims,
19 but not counterclaims brought under Rule 13.").

20    Norris further asserts that a counterclaim can be brought only against an opposing
21 party. Doc. 36 at 3. Under Rule 13, "'persons other than those made parties to the original
22 action may be made parties to a counterclaim' in accordance with the provisions of Rule 20."
23 *Salestraq Am. v. Zyskowski*, No. 2:08-CV-1368-LRH-LRL, 2010 WL 186098, at *1 (D. Nev.
24 Jan 15, 2010); *see* Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person
25 as a party to a counterclaim or crossclaim."). Norris and M&I properly are joined as
26 counterdefendants under Rule 20 as they are alleged to have engaged in the same fraudulent
27 scheme that forms the basis for the counterclaim. *See id.* "The last sentence of § 1367(a)
28 makes clear that the grant of supplemental jurisdiction extends to claims involving joinder

- 3 -

1  or intervention of additional parties." *Exxon Mobil*, 545 U.S. at 558.

2  The motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction
3  (Doc. 25) will be denied.

## II.     The Rules 12(b)(6) and 9(b) Motions.

When analyzing a pleading for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore are "'insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, and satisfy the pleading requirements of Rule 8(a), the pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2))

Where claims are grounded in fraud, as in this case, the factual allegations must meet not only *Twombly* and *Iqbal*'s plausibility standard for Rule 8(a), but also the heightened pleading requirements of Rule 9(b). That rule requires a party to state with "particularity" the circumstances constituting fraud. To survive dismissal, "[a]verments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

Counterdefendants argue that the factual allegations of Lerner's pleading are not sufficient to state claim to relief under Rule 8(a), let alone satisfy the more stringent "particularity" requirement of Rule 9(b). The Court agrees.

The counterclaim alleges that a DMB employee "represented to Lerner that his purchase price of $2,6500,000 was a reasonable price" (Doc. 16 ¶ 9), but does not explain

- 4 -

1 when or how this purported representation was made. The counterclaim further alleges that
2 DMB "directed" purchasers to finance their properties through M&I (*id.* ¶ 18), that M&I
3 gave "marching orders" to Norris to appraise all properties at the contract price regardless
4 of actual value (*id.* ¶¶ 22), that this fraudulent scheme was used "to sell at least two – if not
5 hundreds – of [properties] to unsuspecting buyers" (*id.* ¶ 19), that the scheme was perpetrated
6 "over a significant period of time beginning in at least 2003 or 2004" (*id.* ¶ 23), and that
7 Counterdefendants sought to benefit themselves through, among other things, the receipt of
8 "fees and kickbacks" (*id.* ¶ 20).

9 These allegations are entirely conclusory, and do not pass muster under Rule 9(b).
10 Nor do they possess enough "heft" under *Twombly* to permit the Court to infer more than the
11 mere possibility of fraud and a conspiratorial agreement to artificially inflate property values.
12 550 U.S. at 557. The counterclaim contains no facts showing how DMB "directed"
13 purchasers to obtain loans from M&I, how the "marching orders" were given to Norris, who
14 the other "unsuspecting buyers" are, how the "fees and kickbacks" were received, and why
15 the alleged scheme is believed to have begun "in at least 2003 or 2004" and continued "over
16 a significant period of time."

17 The allegations made in the actual claims themselves (Doc. 16 ¶¶ 24-65) are not
18 entitled to a presumption of truth as they are mere legal conclusions couched as factual
19 allegations. *See Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause
20 of action, supported by mere conclusory statements, do not suffice" to survive a motion to
21 dismiss. *Iqbal*, 129 S. Ct. at 1949.

22 In summary, Lerner's counterclaim merely "tenders 'naked assertions' devoid of
23 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Because the
24 counterclaim's factual allegations are not "enough to raise a right to relief above the
25 speculative level," *Twombly*, 550 U.S. at 555, the counterclaim "has alleged – but it has not
26 'shown' – 'that [Lerner] is entitled to relief'" for fraud and conspiracy, *Iqbal*, 129 S. Ct. at
27 1950. The motions to dismiss under Rules 12(b)(6) and 9(b) will be granted. Given this
28 ruling, the Court need not consider the arguments made in connection with specific counts.

**IT IS ORDERED:**

1. The motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction (Doc. 25) is **denied**.
2. The motions to dismiss pursuant to Rules 12(b)(6) and 9(b) (Docs. 23, 24) are **granted**.
3. The counterclaim filed by Glen Lerner (Doc. 16) is **dismissed**.

DATED this 16th day of December, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge