**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| M&I Marshall & Ilsley Bank, a Wisconsin banking corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Glen J. Lerner, an individual,<br><br>Defendant. | No. CV-10-1081-PHX-DGC<br><br>**ORDER** |

Defendant has filed a motion to modify the scheduling order and for leave to file an amended counterclaim. Doc. 47. The motion will be denied.

Rule 16 provides that deadlines established in a case management order may "be modified only for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Where that party has not been diligent, the inquiry ends and the motion is denied. *Johnson*, 975 F.2d at 609; *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

The Court's Case Management Order in this case provided that the deadline for amending pleadings "is **60 days** from the date of this Order." Doc. 34 at 1 (emphasis in original). The order was entered on October 4, 2010, creating an amendment deadline of December 4, 2010. The instant motion to amend was filed on March 23, 2011. Doc. 47.

Defendant claims that good cause exists because the Court did not dismiss his

original counterclaim until December 16, 2010, after the deadline for amending pleadings had passed.  Doc. 47 at 2.  But Defendant waited more than three months after entry of the dismissal order to seek leave to amend, and he has not demonstrated good cause for this delay.

After reviewing the dismissal order, Defendant asserts, he "had to decide whether to further investigate his claims to satisfy the federal *Twombly* standard[.]" *Id.* at 3.  He states that his "deliberations and investigations have been ongoing since the Court's dismissal order in December." *Id.* at 3.  Defendant, however, was on notice of the counterclaim's deficiencies – under *Twombly*, *Iqbal*, and Rule 9(b) – since the filing of the motions to dismiss in September 2010.  Docs. 23, 24.  Defendant also has general knowledge about pleading standards given that he is an experienced personal injury lawyer.  Defendant has not been diligent in asserting valid claims to relief in this case.

Defendant asserts that Plaintiff will not be substantially prejudiced by allowing the amendment.  Prejudice, however, is not the relevant inquiry under Rule 16.  Although the existence or degree of prejudice to the other party "might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (citation omitted).

The deadline for completing discovery is only two months away.  Doc. 34 at 2.  A motion for summary judgment on Plaintiff's claims is fully briefed (Docs. 38, 42, 45) and will be ruled on shortly.  Absent a showing of good cause, which Defendant has not made, the Court will not allow amendments to pleadings at this late stage of the litigation.

**IT IS ORDERED** that Defendant's motion to modify the scheduling order and for leave to file an amended counterclaim (Doc. 47) is **denied**.

Dated this 25th day of March, 2011.

_____
David G. Campbell
United States District Judge

- 2 -